**Vivian CONSOLI on her behalf and on behalf of Lisa Consoli, a minor, Plaintiff,**

v.

**MUNICIPIO de SAN JUAN et al., Defendants.**

Civ. No. 736–73.

United States District Court, D. Puerto Rico.

Oct. 28, 1975.

Wilfredo A. Géigel, Santurce, P. R., for plaintiff.

Fernando Pérez Colon, Hartzell, Ydrach, Mellado, Santiago, Pérez & Novas, San Juan, P. R., for defendant Municipio de San Juan.

Eli B. Arroyo, Géigel, Silva, Soler-Favale & Arroyo, San Juan, P. R., for codefendant Commonwealth Ins. Co.

TOLEDO, Chief Judge.

ORDER

On September 18, 1975, codefendant Municipio de San Juan filed, accompanied by the required brief, a motion requesting partial summary judgment in its favor limiting its responsibility in the present case to a compensation not to exceed the total sum of $15,000.00 per cause of action and not to exceed the total sum of $30,000.00 as total compensation for plaintiffs in the event that the municipal corporation involved is found negligent. Said codefendant's motion is grounded on the provisions of Act No.

119 of June 24, 1966, Title 21, Laws of Puerto Rico Annotated, Section 1603a, which provides that claims for damages to person or property caused through the fault or negligence of municipal corporations shall be limited to the amounts above listed.

On October 8, 1975, plaintiffs filed their opposition to the motion for partial summary judgment claiming that the courts are not limited in rendering a judgment over and above the limit set by law because the Supreme Court of Puerto Rico in *Valentin v. Commonwealth*, 84 P.R.R. 1961, has determined that the amount of damages resulting must be determined in accordance with the evidence, even when it could thus exceed $15,000.00. Plaintiffs also contend that the limitations invoked by codefendant in its motion are unjust and invalid because they violate the Foraker Act and the Federal Relations Act, Title 48, United States Code, Section 821, as well as Article 1, Section 1 of the Constitution of the Commonwealth of Puerto Rico and the Due Process and Equal Protection clauses of the Constitution of the United States, although they do not wish to advance the constitutional arguments at the present time.

There clearly existing no material facts relevant to codefendant's motion as to which there is any genuine issue we will proceed to rule on the motion. For the reasons outlined below we find that the motion for partial summary judgment should be granted.

Plaintiffs' reliance on *Valentin v. Commonwealth*, supra, is misplaced. As pointed out by codefendant Municipality of San Juan, the applicable statute in that case was Act No. 104 of June 29, 1955 which expressly provided for legislative authorization for paying the amount of a judgment rendered in excess of the $15,000.00 limit which said Act provided for each cause of action. In the instant case, the applicable statute is Act No. 119 of June 24, 1966, Title 21, Laws of Puerto Rico Annotated, Section 1603a, and said statute *does not* provide legislative authorization for the payment of judgments entered in amounts exceeding $15,000 per cause of action and $30,000 per case limits that it prescribes.

The wording of the statute is very clear and unambiguous in limiting liability. Thus it provides that if from the findings of the Court there should follow that the damages sustained by the claimants exceed $30,000, ". . . the court may proceed to distribute pro rata the said sum of thirty thousand (30,000) dollars among the claimants, upon the basis of the damages sustained by each one of them . . .". The statute also provides that in order to claim sums larger than $30,000, ". . . or in order that the court may adjudicate such larger sums . . ." the consent of the municipal assembly given by two thirds of its members through ordinance or resolution, giving the reasons which warrant such consent, will be required. Finally, it provides that nothing contained in the statute ". . . shall prevent the Legislative Assembly from authorizing *any claim* against any municipality for larger sums than the aforesaid, whenever in the interests of justice it may so deem proper." (emphasis ours).

Plaintiffs have not obtained the consent of the Municipal Assembly of San Juan or the authorization of the Legislative Assembly of the Commonwealth of Puerto Rico, as required by Title 21, Laws of Puerto Rico Annotated, Section 1603a, to sue the municipality for an amount in excess of the statutory limits. The statute does not expressly provide for the granting of such consent or authorization subsequent to a judgment in excess of said limits, and considering that the previous statute did provide for legislative authorization subsequent to a judgment, it can not be inferred that such consent or authorization was contemplated. It is thus clear that under the provisions of Title 21, Laws of Puerto Rico Annotated, Section 1603a, this Court can not enter judgment against the Municipality of San Juan for an amount in excess of the limits therein prescribed.

As to the claim that the limitations established by the statute are unjust and invalid, no argument in relation thereto having been advanced and the law being clearly constitutional, we find it insubstantial and without merit.

In view of the above, we hereby grant the motion for partial summary judgment filed by codefendant Municipality of San Juan and direct the Clerk of the Court to enter judgment limiting said codefendant's responsibility, in the event of an adverse judgment, to amounts not exceeding $15,000.00 per person nor $30,000.00 as a total aggregate.

IT IS SO ORDERED.